UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-261-1F2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CARL WARREN PERSING, | ) |
| Defendant. | ) |

This matter is before the court on Defendant's Motion to Dismiss Indictment [DE-64], Motion to Sequester Witnesses for Trial [DE-65], Motion for Notice of Intention to Use 404(b) Evidence at Trial [DE-66], and Motion for Disclosure of Officers' Rough Notes and Recordings [DE-67]. The Government has responded [DE-69] and these matters are now ripe for disposition.

## I. Motion to Dismiss Indictment

Defendant has filed a Motion to Dismiss Indictment, in which he maintains that the Indictment must be dismissed on the following grounds: (1) that the indictment is so vague and ambiguous, it fails to allege an offense; and (2) that the applicable statute, 49 U.S.C. § 46504, is unconstitutionally vague and overbroad.

Federal Rule of Criminal Procedure 7 provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense . . . ." Fed. R. Crim. P. 7(c)(1). Specifically, the indictment must meet two requirements. *United States v. Hayes*, 775 F.2d 1279, 1282 (4th Cir. 1985). First, it "must charge all the essential elements of a criminal offense and sufficiently apprise the defendant of what he must be prepared to meet so he will not be misled while preparing his defense." *Id.* Second, the indictment "must protect the defendant against later prosecution for the same offense." *Id.* "[W]hen an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and a conviction under the indictment may not stand . . . ." *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988).

Here, Defendant maintains that the indictment fails to adequately allege two essential elements of a violation of 49 U.S.C. § 46504: (1) "exactly what the defendants said or did or how defendants' alleged conduct intimidated the flight attendant or interfered with the performance of the flight attendant's duties;" and (2) the requisite intent. Mot. to Dismiss Indictment [DE-64] at p. 2.

Having reviewed the Indictment and applicable legal standards, the court concludes that both of these arguments are unfounded. As to the element of interference with a flight attendant's duties, the indictment charges that defendants "interfere[d] with the performance of the duties of an aircraft flight attendant and lessen[ed] the ability of the attendant to perform his duties . . . defendants repeatedly engaged in overt sexual activity in the cabin of the plane to such an extent that the flight attendant had to direct them to stop, and did threaten to initiate a violent confrontation with the flight attendant." Additionally, as to the element of intent, the indictment alleges that defendants acted "knowingly." *See United States v. Grossman*, 131 F.3d 1449, 1452 (11th Cir. 1997)(holding that 49 U.S.C. § 46504 is a general intent crime)(per curiam). Consequently, Defendant's motion to dismiss the indictment on the grounds that it is vague and ambiguous is DENIED.

The court next turns to Defendant's arguments regarding the constitutionality of 49 U.S.C. § 46504, which provides:

> An individual . . . who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts to conspire to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.

49 U.S.C. § 46504. Specifically, Defendant maintains that the statute is "vague on its face and overbroad in that it impermissibly regulates and inhibits the exercise of free speech protected by the First Amendment." Mot. to Dismiss Indictment [DE-64] at p. 3.

The court will first address Defendant's argument that 49 U.S.C. § 46504 is impermissibly overbroad. A statute may be challenged on overbreadth grounds using two distinct methods. First, "a person whose conduct is unprotected can bring an overbreadth challenge to assert the rights of third parties whose conduct is protected, even though the

2

regulation as applied to the litigant would be constitutional." *Nat'l Fed'n of the Blind v. F.T.C.*, 303 F. Supp. 2d 707, 722 (D. Md. 2004). In such actions, an "overbreadth claimant bears the burden of demonstrating, 'from the text of [the law] and from actual fact,' that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003) (quoting *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 14 (1988)). Laws that inhibit the freedom of expression may be invalidated "if the impermissible applications of the law are substantial when 'judged in relation to the statute's plainly legitimate sweep.' " *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999)(quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612-15 (1973)). Second, an overbreadth challenge may be brought by establishing that "a statute or regulation that in all its applications directly restricts protected First Amendment activity and is not narrowly tailored to serve the government's interests." *Nat'l Federation of the Blind*, 303 F. Supp. 2d at 722.

Here, Defendant has not elaborated on his overbreadth argument. Defendant has not demonstrated that 49 U.S.C. § 46504 poses a real and substantial danger of affecting the freedom of expression of individuals not before the court. Nor has Defendant suggested that 49 U.S.C. § 46504 restricts protected First Amendment activity or examined whether the statute is narrowly tailored to serve the government's interest in ensuring the safety of airplane passengers. In fact, Defendant makes no more than a cursory mention of the overbreadth doctrine. Moreover, the court notes that the Fifth Circuit Court of Appeals has considered the issue in a similar case and reasoned that 49 U.S.C. § 46504 is not impermissibly overbroad. *See United States v. Hicks*, 980 F.2d 963, 968-72 (5th Cir. 1992)(examining predecessor to 49 U.S.C. § 46504). This court finds the *Hicks* rationale persuasive, and therefore concludes that Defendant's overbreadth challenge to 49 U.S.C. § 46504 is without merit.

Defendant focuses his argument on the issue of whether 49 U.S.C. § 46504 is unconstitutionally vague as applied to his claim. Specifically, Defendant maintains that the terms "interferes" and "intimidating" are unconstitutionally vague and do not provide notice to the public of what conduct is prohibited or sufficient guidance to law enforcement officers

charged with enforcing the statute. The court finds Defendant's argument to be unpersuasive.

"One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7 (1982) (quoting *Parker v. Levy*, 417 U.S. 733, 756 (1974)). Here, examining the particular circumstances of this case, the court finds that Plaintiff's alleged actions came within a reasonable construction of § 46504. A person of ordinary intelligence could foresee that Defendant's refusal to follow a flight attendant's request to cease sexual activity in the cabin of the plane and threat to initiate a violent confrontation would interfere with a flight attendant's duties and cause intimidation. Moreover, the Ninth Circuit has considered the issue and held that 49 U.S.C. App. § 1472(j), the predecessor to § 46504, was not impermissibly vague. *See United States v. Naghani*, 361 F.3d 1255, 1259-61 (9th Cir. 2004); *United States v. Trabacca*, 924 F.2d 906, 913 (9th Cir. 1991). The court finds the rationale of the Ninth Circuit to be correct and persuasive in these cases. Consequently, the court concludes that 49 U.S.C. § 46504 is not unconstitutionally vague and Defendant's Motion to Dismiss the Indictment on this basis is DENIED.

## II. Motion to Sequester

For good cause shown, Defendant's Motion to Sequester Witnesses for Trial [DE-65] is ALLOWED, and all witnesses expected to testify at trial will be sequestered, except for case agents designated by the Government and the Defendant.

## III. Motion for Notice of Intention to Use 404(b) Evidence at Trial

Defendant also requests that the Government disclose any evidence that it intends to offer against Defendant pursuant to Federal Rule of Evidence 404(b). The court notes that Defendant has already filed a Motion to Compel [DE-26], which included a request for notice of the Government's intent to use 404(b) evidence at trial. Because the court has already ruled on the issue, Defendant's Motion for Notice of Intention to Use 404(b) Evidence at Trial [DE-66] is DENIED as moot. *See* Order [DE-55] at p. 3.

### IV. Motion for Disclosure of Officer's Rough Notes and Recordings

Defendant requests an order compelling disclosure of law enforcement officers' rough notes, tapes, or any other indicia of the substance of witness interviews in this matter pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(I). Defendant notes that an affidavit of Special Agent Michael Sutton was attached to the criminal complaint in this matter. The affidavit "is based on [Agent Sutton's] personal investigative efforts, interviews of witnesses by other agents, and investigations conducted by law enforcement officers from the Raleigh-Durham International Police Department and the Transportation Security Administration." Criminal Complaint [DE-1] at ¶ 2. Defendant maintains that "[b]ecause the Government relies on the law enforcement summary of witness interviews, [he] has a need to discover whether any supporting documentation of those interviews exists and to examine same," as "[d]isclosure of all existing supporting documentation of the witness interviews is therefore material to preparing the defense." Mot. for Disclosure of Officers' Rough Notes [DE-67] at ¶¶ 2 and 3.

The Jencks Act provides that certain statements made by government witnesses may not be the subject of subpoena, discovery, or inspection until that witness has testified on direct examination at trial. *See* 18 U.S.C. § 3500(a). The Fourth Circuit has *expressly* stated that district courts "may not require the Government to produce Jencks Act material until *after* the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). There is no statutory basis for Defendant's request for disclosure of the rough notes before trial, nor is the court aware of any other authority which would permit his request. Consequently, Defendant's Motion for Disclosure of Officers' Rough Notes and Recordings [DE-67] is DENIED.

### V. Conclusion

Based on the foregoing, it is therefore ORDERED that:

1. Defendant's Motion to Dismiss Indictment [DE-64] is DENIED.
2. Defendant's Motion to Sequester Witnesses for Trial [DE-65] is ALLOWED.

5

3. Defendant's Motion for Notice of Intention to Use 404(b) Evidence at Trial [DE-66] is DENIED.

4. Defendant's Motion for Disclosure of Officers' Rough Notes and Recordings [DE-67] is DENIED.

SO ORDERED.

This the 2nd day of April, 2007.

James C. Fox
Senior United States District Judge

6

Case 5:06-cr-00261-F   Document 81   Filed 04/02/07   Page 6 of 6